IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1853, IN THE THIRTY-SE-
VENTH YEAR OF THE STATE.

---

## PUETT and Others *v.* THE STATE BANK.

A plea which professes to answer a whole count, but answers only a part,
is bad on general demurrer.

To the declaration upon a promissory note, the defendant pleaded as to
part, &c., that the plaintiff agreed to assign him a judgment against one
*B.* of the amount which the plea professed to answer, and that as to so
much, &c., that agreement was the consideration of the note; that the
judgment was assigned, but "without recourse" upon the assignor;
and so the consideration as to so much, &c., had failed. *Held,* that the
plea was bad, it not appearing that the defendant had placed or offered
to place the parties in the position they occupied prior to the ·assign-
ment.

ERROR to the *Parke* Circuit Court.

STUART, J.—Debt on a promissory note. Five pleas filed,
leading to issues of law and fact. Trial by the Court,
and judgment for the plaintiff below.

The third and fifth pleas alone are before us on demur-

Monday,
May 23.

---

*Note.*—Judge *Roache,* owing to indisposition, was absent during the
first five days of this term.

rer. The third plea professes to answer the special count on the note, but is an answer to only a part of that count. This Court has repeatedly decided such plea bad on general demurrer.

The fifth plea sets up in avoidance as to part, &c., that the defendant in error agreed to assign *Puett* a judgment against *Briggs* and others, of the amount which the plea professes to answer; that this agreement was, as to so much, &c., the consideration of the note sued on; that the judgment was assigned, &c., but "without recourse" on the assignor; and so the consideration as to so much, &c., had failed. We think the demurrer to this plea well taken. To sustain the plea would be giving *Puett* the assigned judgment for nothing. If *Puett* intended to make the mode of assignment available as a defence, he should have placed or offered to place the parties in the position they occupied prior to the assignment. By retaining the judgment he accepted the assignment, and fixed his liability to pay for it.

Counsel contend that the assignment "without recourse" was not objectionable, because, whatever words are used, that is the legal effect, the statute making no provision for recourse over on the assignor. But as this question does not arise in the record, we give no opinion.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. A. Wright* and *E. W. McGaughey*, for the plaintiffs.
*S. B. Gookins*, for the defendant.